■ In the Matter of BRIGITTE CAROZZA et al., Respondents, v CITY OF NEW YORK, Appellant. (Action No. 1.) In the Matter of CITY OF NEW YORK et al., Appellants, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents. (Action No. 2.) [781 NYS2d 644]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered April 8, 2003, which denied the City's petition in Action No. 2 to annul a decision of the New York City Civil Service Commission (CSC), dated July 17, 2002, which reversed a Department of Citywide Administrative Services (DCAS) deter-

mination that certain employees are ineligible for promotion to certain titles, and dismissed the proceeding, unanimously affirmed, without costs. Order, same court and Justice, entered May 15, 2003, in Action No. 1, which granted such employees' petition to compel the City's compliance with the CSC decision, and directed the City to grade the employees' promotional examinations and place those who pass and meet the other eligibility requirements on the promotion list, unanimously affirmed, without costs.

CSC rationally concluded that the employees' acceptance of jobs in a new title series could not retroactively disqualify them for promotions in their old title series for which they were qualified at the time they took the promotional examination, at least in the absence of clear notice that by accepting the new jobs they were effectively voiding the examinations and otherwise disqualifying themselves for promotion in the old series. Notably, the City provides scant support for its factual argument that the duties in the old series are substantially different from those in the new series, and no basis exists to disturb CSC's finding to the contrary. CSC had clear jurisdiction over the employees' appeal from the DCAS determination of ineligibility (NY City Charter § 813 [d]; § 814 [a] [3]-[6]; *see also* 60 RCNY 2-02 [b]). We have considered the City's other arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.